```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
         NASHVILLE DIVISION
```

CLINTON L. WYATT           ]
    Plaintiff,             ]
                           ]
v.                         ]     No. 3:13-1077
                           ]     Judge Sharp
CCA-MDCDF, et al.          ]
    Defendants.            ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility (MDCDF) in Nashville.[1] He brings this action pursuant to 42 U.S.C. § 1983 against the Detention Facility and Trinity Food Services, seeking damages.[2]

The plaintiff worked in the kitchen at the Detention Center. He was injured when scalding liquid spilled into his boot and burned his right foot. Plaintiff suggests that he was injured due to the negligent failure of Trinity Food Services to provide adequate equipment for the kitchen. The plaintiff also alleges that the Detention Facility failed to provide him with adequate medical care for his injury and would not follow grievance procedures.

---

[1] The Metro Davidson County Detention Facility is operated by the Corrections Corporation of America (CCA).

[2] It is presumed that Trinity Food Services is under contract to provide food services at the Detention Facility.

1

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

The plaintiff suggests that his injury was a result of negligence on the part of the Trinity Food Services for failing to provide the kitchen with the proper equipment needed to prepare meals.

Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 97S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to state a claim under § 1983 against Trinity Food Services.

The plaintiff also complains that the Detention Facility denied him adequate medical care for his injury and neglected to follow grievance procedures.

A county jail or detention facility is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v.McDannel, 945 F.2d 117, 120 (6th Cir. 1991). Therefore, the plaintiff has failed to state an actionable claim against the Detention Facility.

In the absence of an actionable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge